NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50058 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00420-SJO-1 |
| v. | |
| ALEKSANDR SURIS, AKA Aleks, AKA Alex, AKA Sasha, AKA Aleksandr Yefimovich Suris, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50059 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:17-cr-00420-SJO-2 |
| MAXIM SVERDLOV, AKA Maksim Sverdlov, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 11, 2021**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before:  O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

Defendants Aleksandr Suris and Maxim Sverdlov appeal from their convictions, 144-month sentences, and an $11.8 million restitution order for conspiracy to commit health care fraud against Medicare and conspiracy to commit money laundering.  Suris also appeals from his convictions for conspiracy to commit health care fraud and six counts of health care fraud involving Cigna.  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1.  The Defendants argue that their convictions should be reversed because they were based on the "inherently untrustworthy" and "implausible" testimonies of two co-conspirators who had struck plea deals with the government.  We review challenges to the sufficiency of the evidence de novo, "and must determine whether, viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017) (internal quotation marks omitted).  Here, the jury was fully aware of the plea deals and had even been instructed to consider the extent to which the co-conspirators'

---

**  The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

testimonies "may have been influenced by" the pleas. Because this court is "powerless to question a jury's assessment of witnesses' credibility," *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir. 2000), the Defendants' arguments lack merit. Furthermore, nothing in the record suggests that either co-conspirator's testimony was "incredible or insubstantial on its face," *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993), and the Defendants' other arguments regarding deficiencies in the evidence conflict with the record and are thus insufficient to overturn their convictions.

2. The Defendants also challenge their 144-month sentences on the basis that the district court clearly erred when it calculated an $11.8 million loss amount—a finding that resulted in a 20-level increase in the Defendants' offense levels under the U.S. Sentencing Guidelines. We review factual determinations, including "the amount of loss in cases of fraud," for clear error. *United States v. Popov*, 742 F.3d 911, 914 (9th Cir. 2014). "Clear error review is significantly deferential and requires us to accept the district court's findings absent a definite and firm conviction that a mistake has been committed." *Id.* That standard has not been met here. The district court calculated the loss amount by relying on a May 2015 "invoice reconciliation," which the Defendants challenge as "unreliable" because it was missing several months of wholesaler data. But the district court only needs to make a "reasonable estimate of the loss" amount. U.S.S.G. § 2B1.1

cmt. n.3(C).  It does not need "mathematical" certainty.  *United States v. Gainza*, 982 F.3d 762, 765 (9th Cir. 2020).  Moreover, given the evidence that the reconciliation credited the Defendants' pharmacy for known fake invoices and that the wholesaler's operations were mostly a sham, there is no "definite and firm conviction" that the missing data would have reduced the loss calculation—let alone enough to affect the Defendants' sentences.  *Popov*, 742 F.3d at 914; *see also* U.S.S.G. § 2B1.1(b)(1)(K) (indicating that the Defendants would need a roughly $2.3 million reduction in the calculated loss amount to affect their sentencing range).

The Defendants also argue that the district court inadequately explained its loss calculation, violating their due process rights.  These arguments mirror their substantive challenges to the reconciliation and can be rejected for the same reasons.  Furthermore, the district court adequately explained that it was choosing the lower estimate to give the Defendants the "benefit of the doubt."

3. Finally, the Defendants challenge their $11.8 million restitution order on the ground that it is based on the "indisputably flawed and unreliable May 2015 Reconciliation."  Both parties agree that this challenge "collapses with the[] challenge to the district court's determination of the loss amount."  Because the court did not err in finding an $11.8 million loss, it also did not err in ordering $11.8 million in restitution.

4

**AFFIRMED**.